**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**MARIA HERNANDEZ,**

                  **Petitioner,**

  - against -

**CONWAY, Superintendent,**

                  **Respondent.**
------------------------------------------------------x

**ORDER**

**06 CV 5014 (NG)**

**GERSHON, United States District Judge:**

*Pro se* petitioner Maria Hernandez applies to this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the reasons outlined below, Ms. Hernandez's application is denied.

## BACKGROUND

On April 7, 2005, Ms. Hernandez pleaded guilty in this court, without a plea agreement, to conspiring to import a controlled substance in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(A). During her plea colluquy, Ms. Hernandez indicated that she felt fine and that she understood the proceedings and charges against her. She also indicated that she had enough time to discuss her case with her attorney, Michael Hurwitz, and that she was satisfied with Mr. Hurwitz.[1] When asked if she understood that a guilty plea would result in a mandatory minimum sentence of ten years, an estimated sentencing range of 135 to 168 months, and potential deportation, Ms. Hernandez answered in the affirmative. Ms. Hernandez also indicated that she understood that she could not withdraw her guilty plea if she did not like her sentence and that she had no right to trial after pleading guilty. Importantly, when asked if anyone had threatened her or forced her to plead guilty

---

[1] Mr. Hurwitz is a law partner of William Stampur, Ms. Hernandez's primary counsel, and appeared at the plea proceedings on behalf of Ms. Hernandez instead of Mr. Stampur. Mr. Stampur was at the time suffering from a medical problem.

or made any promises about what her sentence would be, Ms. Hernandez answered in the negative. After all of the above, Ms. Hernandez admitted that she "went with [her] sister to pick up and deliver drugs—it was heroin; it was more than 1 kilo—in Queens."

In a September 1, 2005 pre-sentence letter, Ms. Hernandez's primary counsel, Mr. William Stampur, requested a non-guidelines sentence and a three to four point reduction in calculating the advisory sentencing guideline range. Mr. Stampur based his arguments, among other things, on Ms. Hernandez's role in the offense, her sister's influence over her during the offense, her husband's serious illness, and her previous accomplishments in raising her sons and providing for her family. The Probation Department, in its July 15, 2005 pre-sentence report, agreed that a reduction in the offense level for role was warranted, but suggested that this should be a two-point reduction, not a three-point reduction. By letter dated September 7, 2005, the government agreed with the Probation Department's recommendation of a two-point reduction and opposed defense counsel's request for a non-guidelines sentence.

At a sentencing hearing on September 13, 2005, Mr. Stampur represented Ms. Hernandez and eloquently argued the points outlined in his pre-sentence letter. The government responded by arguing that a non-guidelines sentence was unwarranted and that only a two-point reduction was appropriate because Ms. Hernandez was key to the charged offense; her home was used as a storage point for both narcotics and money, and she admitted in a "safety valve" proffer that she had engaged in a drug pick-up without her sister. After hearing arguments, this court applied a two-level reduction and determined, based on this reduction, that the mandatory minimum sentence of ten years no longer applied and that the advisory sentencing guideline range for Ms. Hernandez was 46 to 57 months. The court then sentenced Ms. Hernandez to a non-guidelines sentence of 36 months

in custody, two years of supervised release, and a special assessment of $100. Ms. Hernandez did not appeal her sentence.

## DISCUSSION

Ms. Hernandez now applies to this court for habeas relief under 28 U.S.C. § 2255, alleging that: (1) her counsel was constitutionally ineffective; (2) her conviction was obtained in violation of the privilege against self-incrimination; and (3) her sister manipulated her into acting criminally.

### I. Ms. Hernandez's Ineffective Assistance of Counsel Claims

Ms. Hernandez asserts two grounds in support of her ineffective assistance of counsel claim. In ground one of her habeas petition, Ms. Hernandez claims that "[o]n numerous occasions and at the most imperative times, Ms. Hernandez's attorney failed to show up in her defense. In his place was a representative from the law firm, someone who basically had no dea[]lings with the defendant until a few meetings briefly in the firm's office and almost no knowledge of the case itself." In ground two of her habeas petition, Ms. Hernandez claims that counsel's admission "to physical incapacity prior to sentencing . . . constitute[s] ineffective assistance of counsel *per se*."

To succeed on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel's performance fell below the objective standards of reasonableness dictated by prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-89, 694 (1984). Under the first prong, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation marks omitted). To

succeed on the second prong, a "defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Neither of Ms. Hernandez's ineffective assistance of counsel claims satisfy the two *Strickland* prongs just articulated. Ms. Hernandez indicated during her plea colluquy that she had enough time to discuss her case with her attorney and that she was satisfied with Mr. Hurwitz, her primary counsel's law partner.[2] At sentencing, Mr. Stampur, Ms. Hernandez's primary counsel, outlined multiple grounds in support of his request for a three-point sentencing reduction and a non-guidelines sentence. In response, the court applied a two-point reduction and, over the government's objection, granted Mr. Stampur's request for a non-guidelines sentence. Although Ms. Hernandez initially faced a mandatory minimum sentence of ten years, the court imposed a sentence of only 36 months. Because Ms. Hernandez's counsel made the appropriate arguments for a non-guidelines sentence, Ms. Hernandez received a much lighter sentence than she otherwise might have faced. Based on these facts, Ms. Hernandez has failed to show how her counsel's performance was constitutionally deficient and has failed to show that, but for her counsel's allegedly deficient performance, the outcome of her sentencing would have been different.

## II. Ms. Hernandez's Violation of Privilege Against Self-Incrimination Claim

In ground three of her habeas petition, Ms. Hernandez appears to discuss the circumstances of her safety valve proffer and asserts that "the outcome expressed by the government was misleading to the defendant" and that her "conviction [was] obtained by violation of the privilege against self-incrimination." Ms. Hernandez's arguments ignore that the safety valve proffer

---

[2]As indicated earlier, Mr. Hurwitz appeared at the plea proceedings on behalf of Ms. Hernandez instead of Mr. Stampur, Ms. Hernandez's primary counsel. Mr. Stampur was at the time suffering from a medical problem.

4

qualified her for a two-level sentencing reduction, which resulted in an extremely significant reduction in Ms. Hernandez's sentence. Because of Ms. Hernandez's proffer, the ten-year mandatory minimum sentence that normally accompanies a conviction under 21 U.S.C. §§ 846 and 841(b)(1)(A) was reduced to a 46 to 57 month sentencing guideline. Based on the huge benefit that Ms. Hernandez received from this proffer, and her failure to offer any basis for suggesting that she spoke to the government other than entirely voluntarily, there is no support for this claim.

### III. Ms. Hernandez's Claim of Manipulation

In ground four of her habeas petition, Ms. Hernandez asserts that she had "on many occasions been psychologically manipulated by her sister" and that a conviction of conspiracy requires the prosecution to prove that a "conspiracy existed and that defendant knowingly joined it." Ms. Hernandez also asserts that she "had no way to keep track of her sisters daily comings and goings" and that "[m]ere joint tenancy of residence in which narcotics are found is insufficient to prescribe possession to all of occupants."

These assertions do not warrant habeas relief. Importantly, when asked during her plea colluquy if anyone had threatened her or forced her to plead guilty, Ms. Hernandez answered in the negative. Ms. Hernandez indicated that she felt fine and that she understood the proceedings and charges against her. Ms. Hernandez also indicated that she understood that she could not withdraw her guilty plea if she did not like her sentence and that she had no right to trial after pleading guilty. After all of these questions and warnings from the court, Ms. Hernandez admitted that she had committed the offense charged and that she "went with [her] sister to pick up and deliver drugs—it was heroin; it was more than 1 kilo—in Queens." Ms. Hernandez's admission in court is sufficient to support her conviction. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (noting that "[s]olemn

declarations in open court carry a strong presumption of verity"); *Benigno v. United States*, 285 F.Supp.2d 286, 293 (E.D.N.Y. 2003) (denying a petitioner's motion to withdraw his guilty plea and vacate his conviction and stating that "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw a guilty plea") *quoting United States v. Hirsch*, 239 F.3d 221, 229 (2d Cir. 2001). Accordingly, Ms. Hernandez's current assertions of manipulation do not warrant habeas relief.

## CONCLUSION

For the reasons outlined above, Ms. Hernandez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied. The Clerk of the Court is directed to close this case. Since petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability is denied pursuant to 28 U.S.C. § 2253(c).

**SO ORDERED.**

_____/s/_____

**NINA GERSHON**
**United States District Judge**

**Dated:       November 7, 2007**
**            Brooklyn, New York**

6